UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
BLUE CASTLE (CAYMAN) LTD.,

                               Plaintiff,

                               v.

MOUSSA TAWIL *a/k/a* MORRIS TAWIL;
SOUFIA TAWIL *a/k/a* SOFIA TAWIL; CITY OF
NEW YORK DEPARTMENT OF
TRANSPORTATION, PARKING VIOLATIONS
BUREAU; "JOHN DOE" and "JANE DOE," the
last two names being fictitious, said parties intended
being tenants or occupants, if any, having or
claiming an interest in, or lien upon, the premises
described in the Complaint,

                               Defendants.
-------------------------------------------------------------------

**MEMORANDUM & ORDER**
24-CV-1082 (MKB)

MARGO K. BRODIE, United States District Judge:

       Plaintiff Blue Castle (Cayman) Ltd. ("Blue Castle") commenced the above-captioned action on February 12, 2024 against Moussa Tawil also known as Morris Tawil ("Moussa Tawil"), Soufia Tawil also known as Sofia Tawil ("Soufia Tawil"), City of New York Department of Transportation, Parking Violations Bureau ("DOT"), and "John Doe" and "Jane Doe" (collectively, the "Defendants"). (Compl., Docket Entry No. 1.) Plaintiff brings this mortgage foreclosure action pursuant to New York Real Property Actions and Proceedings Law § 1301 *et seq.* ("RPAPL"). (*Id.* ¶¶ 10–21.) Plaintiff alleges that Moussa Tawil and Soufia Tawil defaulted on a loan obligation secured by a mortgage by failing to make timely payments and subsequently failed to cure the default. (*See id.* ¶¶ 14–16.)

Currently before the Court is Plaintiff's unopposed motion for summary judgement on Plaintiff's RPAPL claim.[1] For the reasons set forth below, the Court denies Plaintiff's motion for summary judgment.

I. **Background**

The following facts are undisputed.[2]

   a. **Factual background**

Plaintiff is a corporation organized under the laws of the Cayman Islands with a principal place of business in Florida. (Pl.'s 56.1 ¶ 1.) Moussa Tawil and Soufia Tawil are individuals who are citizens of New York. (*Id.* ¶ 2.)

On September 27, 2021, Moussa Tawil took out a $2,000,000 loan and executed a promissory note (the "Note") in favor of Quontic Bank. (*Id.* ¶ 3; *see* Note, annexed to Compl. as Ex. B, Docket Entry No. 1-2.) Moussa Tawil and Soufia Tawil "collaterally secure[d] the . . . loan" by executing a mortgage (the "Mortgage") encumbering the property located at 2208 East 5th Street, Brooklyn, New York (the "Property") in favor of Quontic Bank. (Pl.'s 56.1 ¶ 4; *see* Mortgage, annexed to Compl. as Ex. C, Docket Entry No. 1-3.) The Note and Mortgage were assigned to Plaintiff on October 2, 2023, and recorded on October 10, 2023 in the King's County Office of the City Register. (Pl.'s 56.1 ¶ 5; Assignments of Mortgage, annexed to Compl. as Ex. D, Docket Entry No. 1-4.)

---

[1] (*See* Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), Docket Entry No. 26; Decl. of Shachar Hadar in Supp. of Pl.'s Mot. ("Hadar Decl."), Docket Entry No. 26-1; Decl. of Rafi Hasbani in Supp. of Pl.'s Mot. ("Hasbani Decl."), Docket Entry No. 26-12; Aff. of John Ramer in Supp. of Pl.'s Mot. ("Ramer Aff."), Docket Entry No. 26-15; Pl.'s Mem. in Supp. of Pl.'s Mot. (Pl.'s Mem."), Docket Entry No. 26-18.)

[2] (Pl.'s 56.1 Stmt. ("Pl.'s 56.1"), Docket Entry No. 26-19.)

Beginning on August 1, 2022, Moussa Tawil failed to comply with the terms of the Note and Mortgage by failing to make monthly payments that were due. (Pl.'s 56.1 ¶ 6; Ramer Aff. ¶ 12; Payment History for Note ("Payment History"), annexed to Hadar Decl. as Ex. 9, Docket Entry No. 26-10.)

On October 4, 2023, Plaintiff mailed notices of default required under RPAPL § 1304 ("Ninety-Day Notice") to Moussa Tawil and Soufia Tawil. (Pl.'s 56.1 ¶ 7; *see* Ninety-Day Notice, annexed to Hadar Decl. as Ex. 3, Docket Entry No. 26-4.) On October 5, 2023, Plaintiff mailed a thirty-day notice (the "Default Notice") to Moussa Tawil and Soufia Tawil advising them that if they did not cure the default, Plaintiff could accelerate the loan and "the total amount of the debt will be immediately due and payable." (Default Notice, annexed to Hadar Decl. as Ex. 4, Docket Entry No. 26-5; *see* Pl.'s 56.1 ¶ 9.) On October 6, 2023, Plaintiff made the statutorily-required filing with the New York State Banking Department pursuant to RPAPL § 1306. (Pl.'s 56.1 ¶ 8; Proof of Filings, annexed to Hadar Decl. as Ex. 3, Docket Entry No. 26-4.) Moussa Tawil and Soufia Tawil failed to subsequently cure the default under the Note and Mortgage. (Pl.'s 56.1 ¶ 10; *see* Payment History.)

Plaintiff commenced this action on February 12, 2024, and was the owner and holder of, and in physical possession of, the Note and Mortgage at that time. (Pl.'s 56.1 ¶¶ 11–12.) On March 18, 2024, Moussa Tawil and Soufia Tawil filed an answer asserting nine affirmative defenses. (*Id.* ¶ 14; Answer, Docket Entry No. 12)

b.  **Procedural background**

Plaintiff moved for summary judgment on March 6, 2025, (*see* Pl.'s Mot.), and filed a letter informing the Court that Defendants "did not file or otherwise serve Plaintiff with their opposition, and no request for any further adjournments was made," (Ltr. of Shachar Hadar ("Hadar Ltr."), dated March 6, 2025, Docket Entry No. 27). On March 7, 2025, the Court

3

ordered Defendants to file any opposition to Plaintiff's motion on or before March 14, 2025, or the Court would deem Plaintiff's motion unopposed. (Order dated March 7, 2025.) Defendants failed to submit any opposition.

The Court has fully considered the parties' submissions and decides this motion based on the uncontroverted facts set forth in Plaintiff's Rule 56.1 statement which are fully supported by the accompanying affidavit and exhibits.

## II. Discussion

### a. Standard of review

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Capitol Recs., LLC v. Vimeo, Inc.*, 125 F.4th 409, 418 (2d Cir. 2025) (quoting Fed. R. Civ. P. 56(a)); *see Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). The court must "constru[e] the evidence in the light most favorable to the nonmoving party," *Radwan*, 55 F.4th at 113 (alteration in original) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011)), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Koral v. Saunders*, 36 F.4th 400, 408 (2d Cir. 2022) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)); *see also Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party." (quoting *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013))). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Lara-Grimaldi v. Cnty. of Putnam*, 132 F.4th 614, 633 (2d Cir. 2025) (quoting *Porter v. Dartmouth-Hitchcock*, 92 F.4th 129, 147 (2d Cir. 2024)); *see Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021) (quoting

*Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.*; *Solid 21, Inc. v. Breitling U.S.A., Inc.*, 96 F.4th 265, 276 (2d Cir. 2024) ("The mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the trier of fact could reasonably find for the non-movant." (quoting *Sports Auth., Inc. v. Prime Hosp. Corp.*, 89 F.3d 955, 960 (2d Cir. 1996))). The court's function is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant." *Miller v. N.Y. State Police*, No. 20-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (first citing *Anderson*, 477 U.S. at 248; and then citing *Garcia*, 706 F.3d at 127, 129); *see also Capitol Recs.*, 125 F.4th at 418 ("[A] genuine dispute as to a material fact precludes summary judgment 'where the evidence is such that a reasonable jury could decide in the non-movant's favor.'" (quoting *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 296 (2d Cir. 2020))).

    **b.** **Plaintiff satisfied the common law elements for a foreclosure action but failed to fulfill the statutory requirements under Article 13 of the RPAPL**

Plaintiff argues that (1) it has established the common law elements required for *prima facie* entitlement to a foreclosure judgment and (2) Defendant's affirmative defenses lack merit. (Pl.'s Mem. 5–13.) In support, Plaintiff contends that it has submitted the documents that establish "the existence of an obligation and a default" and that "Defendants' Answer is

5

comprised of a series of nine (9) baseless affirmative defenses that completely lack any evidentiary substantiation." (*Id.* at 5–6 (citing Answer).) [3]

"To prevail in a mortgage foreclosure action under New York law, the plaintiff must satisfy the common law elements and the statutory requirements set forth in Article 13 of the [RPAPL]." *Freedom Mortg. Corp. v. Petriello*, No. 22-CV-7310, 2025 WL 1726320, at *8 (E.D.N.Y. June 20, 2025) (alteration in original) (quoting *Wilmington Sav. Fund Soc'y, FSB v. Fernandez*, 712 F. Supp. 3d 324, 332 (E.D.N.Y. 2024)); *see OneWest Bank, N.A. v. Conklin*, 310 F.R.D. 40, 44 (N.D.N.Y. 2015) (explaining that "mortgage foreclosure actions are governed by Article 13 of the [RPAPL]" in addition to the common law elements).

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Windward Bora LLC v. Mohamed*, No. 24-437, 2025 WL 88422, at *2 (2d Cir. Jan. 14, 2025) (citing *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir.

---

[3] "Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Creaven v. Erickson*, No. 22-874, 2023 WL 4247213, at *3 (2d Cir. June 29, 2023) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014)). Rather, "[i]n deciding an unopposed summary judgment motion, 'the district court must still assess whether the moving party ha[s] fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law.'" *Jones v. Lamont*, 379 F. App'x 58, 60 (2d Cir. 2010) (second alteration in the original) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)); *Gachette v. Metro North-High Bridge*, 598 F. App'x. 803, 804 (2d Cir. 2015) ("[W]here a summary judgment motion is wholly unopposed, 'the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" (citing *Vt. Teddy Bear Co.*, 373 F.3d at 244)); *Allied World Ins. Co. v. Keating*, No. 21-CV-58, 2023 WL 6200320, at *4 (D. Conn. Sept. 22, 2023) (quoting same); *see also Martin v. Nieuw Amsterdam Prop. Mgmt., LLC*, No. 22-CV-3506, 2025 WL 1504124, at *5 (E.D.N.Y. May 27, 2025) ("The Second Circuit has explained that a district court may not enter a default judgment when a party fails to respond to an opponent's motion for summary judgment and must instead 'examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment.'" (quoting *Jackson*, 766 F.3d at 197)).

6

2017)); *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336 (2d Cir. 2021) (first citing *Wells Fargo Bank, N.A. v. Walker*, 35 N.Y.S.3d 591, 592 (App. Div. 2016); and then citing *R.B. Ventures, Ltd. v Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)) (quoting) (similar); *see also Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019) (similar); *U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) ("In a mortgage foreclosure action under New York law, a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt") (first citing *R.B. Ventures*, 112 F.3d at 59 n.2; and then citing *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991))). "If the plaintiff establishes a prima facie case, '[t]he burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff.'" *CIT Bank N.A.*, 856 F. App'x at 336–37 (alteration in original) (quoting *Capstone Bus. Credit, LLC v. Imperia Fam. Realty, LLC*, 895 N.Y.S.2d 199, 201 (App. Div. 2010)); *Rutty*, 785 F. App'x at 14 (same); *Golden Bridge LLC v. 150-30 Ave Realty LLC*, No. 23-CV-9045, 2025 WL 1548859, at *4 (E.D.N.Y. May 30, 2025) ("Once a plaintiff mortgagee in a foreclosure action has established a prima facie case, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor . . . of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff.'" (citations and brackets omitted)).

"To succeed on summary judgment in a New York residential foreclosure action, a plaintiff must establish not only a mortgage, a note, and proof of default, but also compliance with RPAPL's notice requirements." *CIT Bank, N.A. v. Anderson*, No. 16-CV-1712, 2019 WL 3842922, at *1 (E.D.N.Y. Aug. 14, 2019) (citing *United States v. Starr*, No. 16-CV-1431, 2017

7

WL 4402573, at *2–3 (S.D.N.Y. Sept. 29, 2017)). Article 13 requires the plaintiff in a residential foreclosure action to: (1) serve a specific notice on the defendants along with the summons and complaint, *see* RPAPL § 1303; *Petriello*, 2025 WL 1726320, at *8 ("RPAPL § 1303 requires a plaintiff to serve on defendants a notice containing specific language along with the summons and complaint" and "[t]he notice must 'be in bold, fourteen-point type' have its title 'in bold, twenty-point type,' 'be on its own page,' and 'be printed on colored paper that is other than the color of the summons and complaint.'" (quoting RPAPL § 1303(2)–(3))); (*U.S. Bank Nat'l Ass'n v. 22-33 Brookhaven, Inc.*, 194 N.Y.S.3d 543, 551 (App. Div. 2023) ("Proper service of the notice required by RPAPL [§] 1303 is a condition precedent to the commencement of a foreclosure action, and it is the plaintiff's burden to show compliance with that statute." (quoting *U.S. Bank Nat'l Ass'n v. Ahmed*, 106 N.Y.S.3d 78, 82 (App. Div. 2019))); (2) serve a specific notice at least ninety days before commencing the foreclosure action, *see* RPAPL § 1304; *CIT Bank N.A.*, 856 F. App'x at 338 ("Proper service of RPAPL [§] 1304 notice on the . . . borrowers is a condition precedent to the commencement of a foreclosure action . . . ." (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 961 N.Y.S.2d 200, 202 (2013))); (3) file certain information with the Superintendent of the New York State Department of Financial Services within three business days of mailing the ninety-day notice required by RPAPL § 1304 pursuant to RPAPL § 1306; *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 117 (2d Cir. 2021) (Pursuant to RPAPL § 1306 "a foreclosure plaintiff [must] file certain information, within three days of mailing a § 1304 notice, with a state regulator, the Superintendent of Financial Services" and the filing must include, among other information, "the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage"); *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 535 (2d Cir. 2020) ("Section 1306(1) provides as a precondition of a

8

foreclosure action that a plaintiff must file 'the information required by [§ 1306(2)]' within three business days of mailing a § 1304 notice." (alteration in original) (quoting RPAPL § 1306(1))); (4) serve a special summons once the foreclosure action has been filed, *see* RPAPL § 1320; *Petriello*, 2025 WL 1726320, at *8 ("RPAPL § 1320 requires that the summons, '[i]n an action to foreclose a mortgage on a residential property containing not more than three units[,]' contain specific language in boldface." (first alteration in original) (quoting RPAPL § 1320)); and (5) file a notice of pendency of the action in the clerk's office in the county where the subject property is located, *see* RPAPL § 1331; *Windward Bora, LLC v. Sotomayor*, No. 21-CV-7161, 2023 WL 2575582, at *6 (S.D.N.Y. Mar. 20, 2023) (RPAPL § 1331 requires that the plaintiff, "at least twenty days before a final judgement directing a sale is rendered, . . . " must "file in the clerk's office of each county where the mortgaged property is situated a notice of pendency of the action" specifying, *inter alia*, "the date of the mortgage, the parties thereto[,] and the time and place of recording"); *U.S. Bank Tr., N.A. v. Green-Stevenson*, 174 N.Y.S.3d 124, 126 (App. Div. 2022) ("RPAPL [§] 1331 provides . . . that at least [twenty] days before a final judgment directing a sale in a mortgage foreclosure action, the plaintiff must file a 'notice of the pendency of the action.'" (quoting *Nationwide Mortg. LLC v. Dessingue*, 63 N.Y.S.3d 612, 614 (App. Div. 2017))).

### i. Common law elements

Plaintiff has satisfied the required common law elements. Plaintiff has provided evidence of the unpaid Note and Mortgage by submitting a copy of each. (*See* Note; Mortgage.) Plaintiff has also provided evidence of Moussa Tawil's default. (*See* Ramer Aff.) John Ramer, a default loan analyst at Blue Castle, affirms that, based on his review of the business records associated with the Property, Moussa Tawil "breached his obligations under the Note . . . by failing to pay the regular monthly payment, which came due on August 1, 2022, and all subsequent payments."

9

(Ramer Aff. ¶¶ 6, 12.) Plaintiff also included a copy of the payment history for the Note confirming Moussa Tawil's failure to make payments that became due on August 1, 2022, and all subsequent payments. (*See* Payment History.) *Petriello*, 2025 WL 1726320, at *9 (finding that the plaintiff established the common law elements for a foreclosure action by submitting (1) a copy of the note and mortgage, (2) an affidavit confirming that the borrowers failed to make payments, and (3) the payment history evidencing the borrowers' default of their obligation); *see also Avail 1 LLC v. Varlas*, 680 F. Supp. 3d 265, 274–75 (E.D.N.Y. 2023) (finding that the plaintiff "established its *prima facie* case for foreclosure" because it "provided the [c]ourt with a copy of the [c]onsolidated [n]ote and [c]onsolidated [m]ortgage" and "evidence of default via an affidavit"); *Gustavia Home, LLC v. Bent*, 321 F. Supp. 3d 409, 415 (E.D.N.Y. 2018) (concluding that the plaintiff "establishe[d] a prima facie case of entitlement to judgement" because the plaintiff submitted copies of the mortgage and note and an affidavit establishing that the borrower had defaulted on the loan); *U.S. Bank, N.A. v. Byrd*, 854 F. Supp. 2d 278, 284 (E.D.N.Y 2012) (granting summary judgment to the plaintiff because the "plaintiff . . . provided the court with the [n]ote, [m]ortgage, and assignment documents" and it was undisputed that the "defendants defaulted on the [n]ote and [m]ortgage by failing to make timely payments of the principal and interest due").

### ii. Statutory requirements

Plaintiff has complied with some, but not all, of the statutory requirements set forth in Article 13 of the RPAPL for a foreclosure judgment. First, Plaintiff complied with RPAPL § 1303 by attaching a notice to the summons and Complaint with the required language and formatting, as specified by the statute. (RPAPL § 1303 Notice, annexed to Hadar Decl. as Ex. 6, Docket Entry No. 26-7.) The RPAPL § 1303 Notice is in bold, fourteen-point type, the title is in bold, twenty-point type, it is on its own page, and it is printed on yellow colored paper while the

10

summons and Complaint are white.  Plaintiff also submitted affidavits of service from the process server who attested to serving the summons, the Complaint, and "Notice required by RPAPL [§] 1303" upon a person of suitable age and discretion, a Mr. Tawil, at the Property." (Aff.'s of Serv., annexed to Hadar Decl. as Ex. 5, Docket Entry No. 26-6).)  *See Petriello*, 2025 WL 1726320, at *10 (finding that the plaintiff had complied with the requirements of RPAPL § 1303 because it attached the notice to the summons and complaint, the process server attested "that he served on both [b]orrowers the [c]omplaint, [s]ummons, and the 'Homeowner's Foreclosure Notice as required by RPAPL § 1303,'" and the notice also met the formatting requirements); *Fernandez*, 712 F. Supp. 3d at 334 (stating that the plaintiff complied with RPAPL § 1303 because "[the plaintiff's] process server stated that he served the notice required by [§] 1303 with the [s]ummons and [c]omplaint, and the notice attached to the affidavit complie[d] with the formatting requirements . . . and contain[ed] the content required").

Second, on October 4, 2023, Plaintiff satisfied the RPAPL § 1304 ninety-day notice requirement by mailing, via certified and first-class mail, the Ninety-Day Notice to the last known address of Moussa Tawil and Soufia Tawil and the residence subject to the mortgage, which is the Property.  (*See* Ninety-Day Notice.)  The Ninety-Day Notice contained the required language in at least fourteen-point type and specified that the loan was 463 days and $450,492.46 dollars in default.  (*See id.*)  Plaintiff included an affidavit from Rafi Hasbani, partner at Hasbani & Light, a company maintaining the business records in the current action, affirming that the notices "were in at least [fourteen]-point font size," "contained the required list of housing counselors," and two copies each of the Ninety-Day Notice were created for Moussa Tawil and Soufia Tawil and placed in envelopes prepared for first class and certified mail.  (Hasbani Decl. ¶¶ 2, 7–9.)  *United States v. Olstrom*, No. 19-CV-5878, 2024 WL 1348651, at *7 (E.D.N.Y. Mar.

11

29, 2024) (concluding there is no genuine dispute that the plaintiff complied with RPAPL § 1304 because the "plaintiff submitted the [ninety]-day notice it sent to [the defendant]" and the notice included the required statutory language).

Third, Plaintiff made the required filing pursuant to RPAPL § 1306 with the Superintendent of Financial Services. (*See* Proof of Filings.) The filings included the required names, address, last known phone number, and the amount of the original loan, and Plaintiff made the filing on October 6, 2023, within three days of mailing the Ninety-Day Notice. *W. Coast 2014-7, LLC v. Chandipersaud*, No. 21-CV-4314, 2022 WL 4586116, at *4 (E.D.N.Y. July 1, 2022) (finding that New York State Department of Financial Services proof of filing statements "demonstrated [the plaintiff's] compliance with RPAPL § 1306"), *report and recommendation adopted*, 2022 WL 4586357 (E.D.N.Y. Sept. 29, 2022).

However, Plaintiff has failed to establish its compliance with RPAPL §§ 1320 and 1331. Plaintiff has not shown that it served a special summons containing the language required by RPAPL § 1320. The process server affirmed that they had served the summons but did not indicate that they had served a special summons pursuant to RPAPL § 1320. (*See* Aff.'s of Serv.) Order, *Windward Bora, LLC v. Sotomayor et al.*, No. 19-CV-4503 (S.D.N.Y. Apr. 15, 2021), Docket Entry No. 161 (granting summary judgment in favor of the defendants and closing the case because the defendant was not provided with a notice compliant with RPAPL § 1320.)

Moreover, Plaintiff failed to provide evidence of its compliance with RPAPL § 1331 because it did not provide proof that it filed the notice of pendency with the clerk's office at least twenty days before a final judgment directing a sale is rendered. *United States v. Parks*, No. 17-CV-1262, 2018 WL 5793569, at *2 (W.D.N.Y. Oct. 4, 2018) (recommending denial of summary judgment because "it [was] not evident that the [n]otice of [p]endency filed in connection with

12

th[e] motion satisfie[d] the RPAPL § 1331" (citations omitted)), *report and recommendation adopted*, 2018 WL 5795461 (W.D.N.Y. Nov. 5, 2018).

Summary judgment is inappropriate because of Plaintiff's failure to comply with *all* the RPAPL notice requirements when it failed to submit proof that (1) it served a special summons to Moussa Tawil and Soufia Tawil and (2) it filed a notice of pendency with the clerk's office. S*ee Anderson*, 2019 WL 3842922, at *3–4 (denying the plaintiff's motion for summary judgment because the plaintiff "ha[d] not established its prima facie compliance with the [all the RPAPL requirements]"); *Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at *6 (E.D.N.Y. May 28, 2019) (denying the plaintiff's motion for summary judgment because "[a] foreclosing mortgagee that does not clearly establish compliance with RPAPL's notice requirements 'fail[s] to meet its prima facie burden of establishing its entitlement to judgment as a matter of law" (second alteration in original) (internal quotation marks omitted) (quoting *Starr*, 2017 WL 4402573, at *4)), *report and recommendation adopted*, 2021 WL 2548971 (E.D.N.Y. June 22, 2021).

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for summary judgment.

Dated: August 28, 2025
      Brooklyn, New York

                                              SO ORDERED:

                                              _____s/ MKB_____
                                              MARGO K. BRODIE
                                              United States District Judge